ness. What was said by testatrix at any time to or in the presence of Miss Severn, the second attesting witness, is insufficient to establish the will. There is no proof that testatrix ever at any time mentioned to Miss Severn that the paper which she was asked to sign by testatrix was a will. This case, therefore, differs from such cases as Matter of De Hart, 67 Misc. Rep. 13, 18, 122 N. Y. Supp. 220, where outside facts were taken notice of by relation to the act of execution. The evidence taken before me fails to show that testatrix ever declared to Miss Severn that the paper exhibited to Miss Severn by testatrix was a will. This is fatal to probate. Hunt v. Mootrie, 3 Bradf. Sur. 322; Matter of Delprat, 27 Misc. Rep. 355, 58 N. Y. Supp. 768; Rutherford v. Rutherford, 1 Denio, 33, 43 Am. Dec. 644; Kingsley v. Blanchard, 66 Barb. 317. The facts attempted to be injected into the act of execution by relation of circumstances dehors the celebration itself are insufficient to supply the missing proof. The probate of the paper propounded must, I regret to say, be refused, because of a noncompliance with the statute of wills. Settle decree accordingly.

---

### In re BINGHAM'S WILL.

#### (Surrogate's Court, Erie County. July 14, 1914.)

WILLS (§§ 449, 587*)—CONSTRUCTION—INTESTACY.

    A will, directing in the third clause that certain securities be set apart and as they matured the principal was to be reinvested and the income paid to testator's sister for life, 'providing in a subsequent clause, provisions being made in intervening clause for legacies to friends and employés, that "all the rest, residue and remainder of my estate, I direct my executors to divide in five equal parts, and I give" each to certain named beneficiaries, disposed of testator's entire estate, and after extinguishment of the life estate, the principal of the fund, provided for in the third clause, passed into the residuary estate.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 965, 1279, 1281–1291; Dec. Dig. §§ 449, 587.*]

In the matter of the probate of the last will and testament of Charles F. Bingham, deceased. Proceeding for construction of will under Code Civ. Proc. § 2724. Decree ordered according to opinion.

Rogers, Locke & Babcock, of Buffalo, for proponents.

Kenefick, Cooke, Mitchell & Bass, of Buffalo, for Kate B. Roesser, contestant.

Frank F. Williams, of Buffalo, for Buffalo Orphan Asylum.

Charles B. Sears, of Buffalo, for Home for the Friendless.

Kellogg & Baker, of Buffalo, for Church Charity Foundation of Protestant Episcopal Church.

Moot, Sprague, Brownell & Marcy, of Buffalo, for Children's Hospital.

HART, S. Petition for probate of the will of Charles F. Bingham was filed in this office February 14, 1914, alleging the heirs and next of

kin of decedent to be Kate Bingham Roesser, a sister, and Frederick B. Walker, a nephew. Objections to the probate of the instrument were subsequently filed, and a contest was made in behalf of the sister. A decree of probate was entered, reserving the question of the construction of the third clause of the will, under section 2724 of the Code of Civil Procedure.

The decedent left an estate, amounting to more than $350,000, consisting in the main of personal property. He had made and executed other wills, in which Mrs. Roesser had been designated as one of-the executors and beneficiaries, and the legacy to her had been absolute up to the time of the execution of the last will.

The testator evidently had positive and emphatic views as to the disposition of his property, and the reasoning he employed was indicated by evidence received during the will contest. Mr. Teller, the scrivener who drew the will, is a layman, with whom the decedent counseled relating to his investments and securities, and is more or less familiar with the general form of wills. He received instructions from Mr. Bingham, and drew the will in conformity with the instructions received to the best of his ability. He was neither a lawyer nor philologist, and was therefore unable to contemplate the fine distinction in testamentary phrases, subsequently to be argued by eminent counsel. The third clause of the will reads as follows:

"I direct my executors hereinafter named to set apart out of my property and estate securities to the value of one hundred thousand dollars, and as such securities mature from time to time to reinvest the principal and keep it invested, and the income thereof to be paid to my sister, Kate Bingham Roesser, so long as she shall live, and I declare the same to be free of inheritance and transfer tax."

The seventh clause, relating to the residuary estate, is expressed in the following terms, the intervening clauses being legacies to friends and employés, viz.:

"All the rest, residue and remainder of my estate, I direct my executors to divide in five equal parts, and I give, devise and bequeath one of said equal parts to the Children's Hospital at No. 219 Bryant street, Buffalo, N. Y. I give, devise and bequeath one other of said equal parts to the Buffalo Orphan Asylum at No. 1500 Elmwood avenue, Buffalo, N. Y. I give, devise and bequeath another of said equal parts to the Home of the Friendless, No. 1500 Main street, Buffalo, N. Y. I give, devise and bequeath another of said equal parts to the Fresh Air Mission of Buffalo, N. Y., and I give, devise and bequeath the remaining of said equal parts to the Church Home at Seventh and Rhode Island streets, Buffalo, N. Y."

It is argued in behalf of Mrs. Roesser that the decedent died intestate in so far as the corpus of the fund contained in clause 3 is concerned, and that it is not embraced within the terms of the residuary estate.

Applying the ordinary and accepted canons of construction to the present will, the language seems plain, simple, and contains no ambiguity. Considerable stress is laid upon the phrase "and I declare the same to be free of inheritance and transfer taxes," as indicating some motive on the part of the testator whereby this particular legacy is eliminated from the general provisions of the residuary clause. I

·believe, more likely, the phrase was used for the purpose of preserving for the life tenant the income on the entire amount of the legacy. The intention is to be collected from the whole will, in its entirety, giving effect, if possible, to every expression of the testator, the words to be taken in their plain, usual, and primary sense. I believe it was the intention of the decedent, at the time of executing his will, to dispose of his entire property; that he has made no exception relating to clause 3 of the will, and that after the extinguishment of the life estate the principal fund passes into the residuary estate.

The opinion of Justice Gray in Matter of Miner, 146 N. Y. 128, 40 N. E. 788, is a most complete review of the law relating to construction of wills, and illustrates the general rule preventing intestacy wherever possible.

Enter decree accordingly.